# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Comcast of Massachusetts III, Inc.** | ) | **Case No.: 1:05-cv-10868-RGS** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **MOTION IN LIMINE** |
| **vs.** | ) | |
| | ) | |
| **John Jalbert** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

The Plaintiff, by its attorney, hereby moves *in limine* for specific evidentiary and related findings, as set forth below. Specifically, the Plaintiff contends that:

1. The Plaintiff made certain specific requests for admissions to the Defendant and that these requests were served upon him on or about February 27, 2006; a copy of said Request for Admissions document is attached hereto, incorporated herewith and marked "**Exhibit A"**; and

2. The requests for Admissions made by the Plaintiff specifically contained the following warnings/statements:

"Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

 and

"Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

---

Plaintiff's Counsel makes certification, pursuant to LR D. Mass 7.1 (A) (2), and LR D 37.1 (A) that Plaintiff's Counsel wrote to the Defendant on April 7, 2006 regarding the total lack of Discovery response and the Defendant has yet to call or contact Plaintiff's counsel.

The Defendant made no response and/or objections whatsoever to the Requests for Admissions

3. Additionally, the Defendant has totally failed to abide by his responsibilities regarding discovery:

   a. He has made no response to Interrogatories and Production requests which were also served on or about February 27, 2006; and

4. Pursuant to the pertinent Local Rules, Plaintiff's Counsel has written to the Defendant, informing him that he must contact Plaintiff's counsel to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's motions. Plaintiff's Counsel has not received any response from Pro Se Defendant.

Therefore the Plaintiff moves for finding that, in accordance with Rule 36(a) of the Federal Rules of Civil Procedure, the Defendant has now made judicial admissions as to the requests for which there were no responses and/or objections within 30 days of the submission thereof. Specifically, the facts now deemed admitted are:

1. The Defendant is the same person as "John Jalbert" named in this lawsuit.

2. The Defendant is a resident of Haverhill, Massachusetts.

3. On or before May 1, 2002 the Defendant resided at, 102 Hale Street, Haverhill, MA 01830, where Comcast's signals, including its premium and pay-per-view encrypted signals, were being delivered into the dwelling, in an encrypted form, pursuant to an account he maintained with Comcast.

4.    On or about May 01, 2002 the Defendant was in possession of a certain descrambling device referred to as a Clearview black box.

5.    The Defendant used the Clearview black box or other black boxs, to facilitate the unauthorized interception of Comcast's encrypted signals.

6.    The Defendant received portions of Comcast's signals, its encrypted television programming, without authorization from or payment to Comcast.

7.    The Defendant knew or should have known that receiving Comcast's signals, its television programming, without authorization or payment to Comcast was illegal and prohibited.

8.    On or about May 01, 2002 a certain Clearview black box was surrendered by the Defendant to a Comcast employee.

9.    The document labeled, **Exhibit A**, and attached to the Requests for Admissions is a good copy of the surrender document signed by the Defendant, which evidenced the Defendant's surrender of the device.

10.   The document labeled, **Exhibit B**, and attached to the Requests for Admissions is a good copy of the work order document signed by the Defendant, which evidenced the Defendant's surrender of the device.

11.   The document labeled, **Exhibit C**, and attached to the Requests for Admissions is a good copy of a portion of the Defendant's account history.

In support of this motion, please see the attached Affidavit of John M. McLaughlin and the Memorandum in support of this Motion.

Respectfully Submitted for the Plaintiff


 /s/John M McLaughlin
John M. McLaughlin (BBO: 556328)
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
Attorney for Plaintiff,
Comcast of Massachusetts III, Inc.

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 24th day of April 2006, a copy of the foregoing Motion with the related Affidavit and Memorandum was sent via first class mail to:

John Jalbert
102 Hale Street
Haverhill, MA 01830

/s/John M McLaughlin
John M. McLaughlin, Esq.



EXHIBIT

A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| Comcast of Massachusetts III, Inc. ("Comcast")  ) | Case No.: 1:05-cv-10868-RGS |
| ) | |
| Plaintiff,  ) | **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT** |
| ) | |
| vs.  ) | |
| ) | |
| **John Jalbert**  ) | |
| ) | |
| Defendant  ) | |
| ———————————————————————— ) | |

**TO:    DEFENDANT,** John Jalbert

Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Comcast of Massachusetts III, Inc. (hereinafter "Comcast"), hereby requests that you answer the following Request for Admissions.

### INSTRUCTIONS

1.      Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service.  Pursuant to Federal Rules of Civil Procedure 36, you are being served with the original of the Request for Admissions. Please type your answers on the original in the space provided following each Request for Admission, or use additional pages, if necessary.

2.      Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action.  Please further note the following provision of Federal Rule of Civil Procedure 36(a):

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

## DEFINITIONS

As used herein:

1.      The word "person" means any individual, firm, partnership, corporation, association, government agency or any other government-controlled business entity. All references to persons or entities also include all persons and/or entities acting on their behalf.

2.      The terms "and" and "or" whenever used herein shall be understood in both the conjunctive and disjunctive sense, synonymous with "and/or."

3.      The words "you" and "yours" as used herein refer to the party these discovery requests are served upon, and his or her employees, agents, officers, attorneys

and all other representatives in their capacities as such.  It is specifically intended that the definition of "you" and "yours" includes defendant's business names.

4.     The name "John Jalbert" as used herein refers to the party upon whom these discovery requests are served, and his or her employees, agents, officers, attorneys, and all other representatives in their capacities as such.

5.     The name "Comcast" as used herein refers to Plaintiff, Comcast of Massachusetts III, Inc. and/or its corporate predecessors in interest.

## REQUEST FOR ADMISSIONS

1.   Admit that you are the same person as "John Jalbert" named in this lawsuit.

2.   Admit that you are a resident of Haverhill, Massachusetts.

3.   Admit that on or before April 25, 2002 you resided at, 102 Hale Street, Haverhill, MA  01830, where Comcast's signals, including its premium and pay-per-view encrypted signals, were being delivered into the dwelling, in an encrypted form, pursuant to an account you maintained with Comcast.

4.   Admit that on or about April 25, 2002 you were in possession of a certain descrambling device referred to as a Clearview black box.

5.   Admit that you used the Clearview black box or other black box, to facilitate the unauthorized interception of Comcast's encrypted signals.

6.    Admit that you received portions of Comcast's signals, its encrypted television programming, without authorization from or payment to Comcast.


7.    Admit that you knew or should have known that receiving Comcast's signals, its television programming, without authorization or payment to Comcast was illegal and prohibited.


8.    Admit that on or about April 25, 2002 a certain Clearview black box was surrounded by you to a Comcast employee.


9.    Admit that the attached document, **Exhibit A**, is a good copy of the surrender document signed by you, which evidenced your surrender of the device.


10.   Admit that the attached document, **Exhibit B**, is a good copy of the work order document signed by you, which evidenced your surrender of the device.

11.  Admit that the attached document, **Exhibit C**, is a good copy of a portion of your account history, at least to the extent of your understanding of your account history.

REQUEST FOR ADMISSIONS dated this 27 day of Feb 2006.

John M. McLaughlin (BBO: 556328)
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865
Attorney for Plaintiff,
Comcast of Massachusetts III, Inc.



EXHIBIT

A

 **AT&T** | **BROADBAND**

Date: 4/25/02

Time: 2:34pm

I, John Jalbert , do hereby voluntarily surrender
ownership and give Clearview Reader to
613 Mark , Security Special Project
Auditor for AT&T Broadband, for whatever use, including destruction, AT&T
Broadband determines to be in their best interest.

No force, fear, threats or promises were made for me to surrender the above-
mentioned equipment.

Signature                                    4-25-19
                                             Date

Witness                                      4/25/02
                                             Date

CUSTOMER SERVICE 1 (888) 633-4266

**AT&T Broadband**

| | |
|---|---|
| ACCOUNT NO. | |

**NAME**
**SERVICE ADDRESS:** John Jalbert
102 Hale St.
Haverhill MA.

**BILLING ADDRESS:**

**HOME PHONE** | **BUSINESS PHONE**

**CUSTOMER E-MAIL ADDRESS:**

TAG #:
STATUS:
NODE#:
ID / JOB#:

APPT. DATE:
APPT. TIME: 4/25/02

**EXHIBIT B**

**Current Services**

## AT&T DIGITAL CABLE Packages

AT&T DIGITAL _____ $ _____ .

☐ Standard Cable                     $ _____

**BONUS PACKS**

☐ Movies & Music Pack        $ _____
   (13 channels)
☐ Family & Variety Pack       $ _____
   (12 channels)
☐ Sports & Information Pack $ _____
   (11 channels)

☐ HBO-(6 channels)              $ _____
☐ Cinemax-(4 channels)       $ _____
☐ Showtime-(6 channels)     $ _____
☐ Starz!-(5 channels)            $ _____
☐ TMC-(2 channels)             $ _____
☐ Converters _____          $ _____
☐ Remotes                            $ _____
☐ Service Protection Plan    $ _____
☐ Service Plus                      $ _____
☐ TV Guide                           $ _____
☐ Other _____                   $ _____

TUNE TO CHANNEL 999 FOR HELPFUL HINTS ON HOW TO USE OUR NEW ON SCREEN INTERACTIVE PROGRAM GUIDE.

**Active Converters**

**Current Converters**

Removed
(1) Pirate
Clear view
Decoder +
Remote Card

### DIAGNOSTIC CHECKLIST     Customer Initials _____

| DIAGNOSTIC | DATA FIELD | OUTPUT | YES/NO |
|---|---|---|---|
| 01 | General Status | Error: E00 | Yes/No |
| | | Purchases: 0 | Yes/No |
| 02 | Out of Band Status | Data: * | |
| | | EMM Data: * | |
| | | Carrier Lock: | Yes/No |
| 09 | Upstream Modem | Frequency: 10.400 | Yes/No |
| | | IPPV Enabled | Yes/No |

**PICTURE/SIGNAL**

| | | |
|---|---|---|
| Low Frequency: | Channel 4 | Acceptable/Not Acceptable |
| Mid Frequency: | Channel 72 | Acceptable/Not Acceptable |
| High Frequency: | Channel 301 | Acceptable/Not Acceptable |

**Service Call Recommended?**     Yes/No

**Service Call Date and Time:**              **Call to Schedule:**

***New Monthly Rate: $*** _____   Customer Initials _____

Rates do not include franchise fees or taxes. All Services are billed in advance.
Your next bill will reflect charges for the next full month plus partial monthly charges for changes made today.

Representative _____   Date: ___ / ___ / ___

The undersigned customer or authorized signatory accepts and confirms the installation of cable service(s) and the numbered ACTIVE CONVERTER(S), descrambler(s) and/or module unit(s). I hereby acknowledge that I have received and read the terms of this agreement as set forth on the reverse side. I acknowledge that I have received a copy of the "Subscribers Privacy Notice" contained in the installation materials. **You may cancel this agreement if it has been signed by a party thereto at a place other than an address of AT&T BROADBAND, which may be its main office or branch thereof, provided you notify AT&T BROAD-BAND in writing at its main office or branch by ordinary mail, by telegram sent or by delivery, not later than midnight of the third business day following the signing of this agreement. See the notice of cancellation on the reverse side of this agreement for the explanation of this right.**

Customer _____   Date: ___ / ___ / ___

WO DIGITAL 1/02



**EXHIBIT**

**C**

---

**Account Information : JALBERT,JOHN - 8773103760384263  102 HALE ST HAVERHILL MA 01830 777-000-0000**

Account Info | Profile | Services |

**Account**

Last, First: JALBERT      JOHN      Sal: Unknown

Home Phone: 777  000-0000      Work Phone: 978  372-9511      ID: 7841-01-32953001

Address 1: 102 HALE ST      Tax Type: Not Provided/Requested

Address 2:      Tax ID: 000000000

City: HAVERHILL      VIP:

State: MA   Zip: 01830-3972

Account: 8773 10 376 0384263

**Statement**
Cycle Day: 12
Bill From: 04/16/02
Bill To: 05/15/02
Stmt Bal: 136.41

**Memos** | Pymt Method | History

| Perm | Op | Date | Text |
|---|---|---|---|
| | CNV | 11/15/01 | 011221.01 = ? 8.73-0.000 |
| | CNV | 11/15/01 | 011122.01 = ?  ENDING BALANCE (OFF-CYCLE)      $      0.13-011113 07 A   PAYMENT T47      $      61.91-011115 02 = ?  ENDING BALANCE (ON-CYCLE)      $      61.78 011115 5? W 101 ADVANCE SERVICE OR RENT TAX      $      0.04 011115 1A V 101 ADVANCE SERVICE OR RENT CHARGE      $      29.41 |
| | CNV | 11/15/01 | 011115 11 V 101 ADVANCE SERVICE OR RENT CHARGE      $      0.23 011115 2$ V 101 ADVANCE SERVICE OR RENT CHARGE      $      1.21 011021.07 A   PAYMENT T47      $      31.02-011015 02 = ? ENDING BALANCE (ON-CYCLE)      $      61.91 011015 5? W 101 ADVANCE SERVICE OR RENT TAX      $      0.04 |
| | CNV | 11/15/01 | 011015 1A V 101 ADVANCE SERVICE OR RENT CHARGE      $      29.41 011015 11 V 101 ADVANCE SERVICE OR RENT CHARGE      $      0.23 011015 2$ V 101 ADVANCE SERVICE OR RENT CHARGE      $      1.21 010915 02 = ?  ENDING BALANCE (ON-CYCLE)      $      31.02 010915 2T W 101 ADVANCE SERVICE OR RENT TAX      $      0.13 |
| | CNV | 11/15/01 | 010915 5? W 101 ADVANCE SERVICE OR RENT TAX      $      0.04 010915 1A V 101 ADVANCE SERVICE OR RENT CHARGE      $      29.41 010915 11 V 101 ADVANCE SERVICE OR RENT CHARGE      $      0.23 |

**Summary**
Current Balance: 69.41
Monthly Rate: 33.35
PPV Balance: 0.00
Last Pay Date: 04/21/02
Last Pay Amt: 67.00
Delinquent Days: 50
Delinquent Amount: 36.01

**Status**
Connected: 12/16/95
Disconnected: 000000
Created: 12/16/95
External:
Delinquency:
Internal: Delinquent

Subscriber 50 days delinquent







EXHIBIT C

**Memos Maintenance : JALBERT,JOHN - 8773103760384263  102 HALE ST HAVERHILL MA 01830 777-000-0000**

Add Memo

☐ Permanent

[Add]

[Clear]

| Perm | Op | Date | Text |
|---|---|---|---|
| | CNV | 11/15/01 | 011122 01 = ?  ENDING BALANCE (OFF-CYCLE)    $     0.13-011113 07 A   PAYMENT T47    $     61.91-011115 02 = ?  ENDING BALANCE (ON-CYCLE)    $     61.78 011115 5? W 101 ADVANCE SERVICE OR RENT TAX    $     0.04 011115 1A V 101 ADVANCE SERVICE OR RENT CHARGE  $    29.41 |
| | CNV | 11/15/01 | 011115 11 V 101 ADVANCE SERVICE OR RENT CHARGE   $     0.23 011115 2$ V 101 ADVANCE SERVICE OR RENT CHARGE   $     1.21 011021 07 A    PAYMENT T47    $     31.02-011015 02 = ?  ENDING BALANCE (ON-CYCLE)    $     61.91 011015 5? W 101 ADVANCE SERVICE OR RENT TAX    $     0.04 |
| | CNV | 11/15/01 | 011015 1A V 101 ADVANCE SERVICE OR RENT CHARGE  $    29.41 011015 11 V 101 ADVANCE SERVICE OR RENT CHARGE   $     0.23 011015 2$ V 101 ADVANCE SERVICE OR RENT CHARGE   $     1.21 010915 02 = ?  ENDING BALANCE (ON-CYCLE)    $     31.02 010915 2T W 101 ADVANCE SERVICE OR RENT TAX    $     0.13 |
| | CNV | 11/15/01 | 010915 5? W 101 ADVANCE SERVICE OR RENT TAX    $     0.04 010915 1A V 101 ADVANCE SERVICE OR RENT CHARGE   $    29.41 010915 11 V 101 ADVANCE SERVICE OR RENT CHARGE   $     0.23 010915 2$ V 101 ADVANCE SERVICE OR RENT CHARGE   $     1.21 010827 07 A    PAYMENT T47    $    62.04- |

[Delete]    [Edit]    [Close]




EXHIBIT
C

**Billing : JALBERT,JOHN - 8773103760384263  102 HALE ST HAVERHILL MA 01830 777-000-0000**

Ledger | Statements | Future Stmts | Adjustment History

| Date | From | To | Reference | Description | Amount | Balance |
|------|------|-----|-----------|-------------|--------|---------|
| 0112 | 0116 | 0215 | | <---------------------- BALANCE DUE --------> | 0.00 | 32.90 |
| 0112 | | | | FCC USER FEE | 0.04 | 32.90 |
| 0112 | | | | STATE SALES TAX | 0.01 | 32.86 |
| 0112 | | | RM   SRV | REMOTE | 0.23 | 32.85 |
| 0112 | | | CA   SRV | CABLE BOX ADDRESSABLE | 1.21 | 32.62 |
| 0112 | | | +A +ASRV | STANDARD CABLE | 31.91 | 31.41 |
| 0106 | | | 131506344 | PAYMENT - THANK YOU | 30.77- | .50- |
| 1226 | | | HAVERHILL | OUTAGE ADJUSTMENT | 0.50- | 30.27 |
| 1212 | 1216 | 0115 | | <---------------------- BALANCE DUE --------> | 0.00 | 30.77 |
| 1212 | | | | FCC USER FEE | 0.04 | 30.77 |
| 1212 | | | | STATE SALES TAX | 0.01 | 30.73 |
| 1212 | | | RM   SRV | REMOTE | 0.23 | 30.72 |
| 1212 | | | CA   SRV | CABLE BOX ADDRESSABLE | 1.21 | 30.49 |
| 1212 | | | +A +ASRV | STANDARD CABLE | 29.41 | 29.28 |
| 1113 | | | TPAYMENT | PAYMENT - THANK YOU | 61.91 | .13- |

Delinquency
Status:
Days:

| Days | Times | Am |
|------|-------|-----|
| 30+ | 0 | |
| 60+ | 0 | |
| 90+ | 0 | |

Item R

Partie

| | | |
|---|---|---|
| **Comcast of Massachusetts III, Inc.** | ) | **Case No.: 1:05-cv-10868-RGS** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **AFFIDAVIT OF JOHN M.** |
| **vs.** | ) | **MCLAUGHLIN IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION IN LIMINE** |
| **John Jalbert** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. On February 27, 2006, my office made and served upon the Defendant Request for Admissions (see **Exhibit A** to motion);

2. Plaintiff's Requests for Admissions specifically contained the following warnings/statements:

   "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

    and

   "Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. To date, the Defendant has made no response whatsoever to Request for Admissions served upon him and, as referenced above.

4.  On February 27, 2006 I also served interrogatories and production requests on the Defendant and I have received no response whatsoever as to these discovery requests.

5.  Pursuant to the pertinent Local Rules, I wrote to the Defendant informing him that he must contact me to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's motions. I have not received any response from Pro Se Defendant. A copy of my letter, dated April 7, 2006, is attached hereto as **Exhibit A.**

Subscribed and sworn to, under the pains and penalties of perjury, this 24th day of April, 2006.


/s/ John M. McLaughlin
John M. McLaughlin (BBO 556328)
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P. O. Box 210
Northampton, MA 01061-0210
(413) 586-0865

**GREEN, MILES, LIPTON & FITZ-GIBBON, LLP**
ATTORNEYS AT LAW
77 PLEASANT STREET
POST OFFICE BOX 210
NORTHAMPTON, MASSACHUSETTS 01061-0210
(413) 586-8218
FAX (413) 584-6278



John J. Green, Jr.
Harry L. Miles
Roger P. Lipton
John H. Fitz-Gibbon
John M. McLaughlin

Susan L. Miles
Brian L. Blackburn
Jon Heyman
(Geoffrey B. White- Retired)

April 7, 2006

John Jalbert
102 Hale Street,
Haverhill, MA 01830

    **RE:**   **Comcast v. Jalbert**
    **USDC Docket No.:**   **1:05-cv-10868-RGS**

Dear Mr. Jalbert:

    On February 27, 2006 we served Request for Admissions, Request for Production, and Interrogatories. We have received no response, no objection, no motion, no phone calls, and no correspondence on these matters. It is our intent to move for a Motion to Compel as to the Request for Production and Interrogatories. As to the Request for Admissions, it is our contention that they are all now deemed admitted.

    Pursuant to local rule 7.1(A)(2) we should confer, and I hereby request that you contact me to confer before I file subject motions. Also, pursuant to local rule 37.1(A) you are given notice of my request to confer in light of the fact that the subject motions involve discovery. Bear in mind that since you have received written notice of my intent to confer, failure to confer with me on these motions after 7 days can be grounds for the automatic allowance of my motions.

                Very truly yours,

                **Green, Miles, Lipton & Fitz-Gibbon LLP**

                John M. McLaughlin

JMM/hld

Telephone (413) 586-0865                        Facsimile (413) 584-6278