| | |
|---|---|
| **Comcast of Massachusetts III, Inc.**  ) | Case No.: 1:05-cv-10868-RGS |
| ) | |
|       **Plaintiff**  ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| vs.  ) | **PLAINTIFF'S MOTION IN LIMINE** |
| ) | |
| **John Jalbert**  ) | |
| ) | |
|       **Defendant**  ) | |
| ) | |

Rule 36(a) of the Federal Rules of Civil Procedure provides in part

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service on the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or the party's attorney."

As set forth in the accompanying Affidavit:

1. The Plaintiff made specific Requests for Admissions and served those upon the Defendant on February 27, 2006;

2. The Plaintiff's requests specifically contained the following

   warnings/statements:

   "Pursuant to Court order and the Federal Rules of Civil Procedure, each Request for Admission is to be answered fully and separately, in writing and under oath, within thirty (30) days from the date of service."

   And

> "Please note that under Rule 36, any Request for Admission which is not the subject of a timely written response or objection signed by the party or the party's attorney shall be deemed admitted for purposes of the pending action"

3. There has been no response whatsoever from the Defendant;

4. Pursuant to the pertinent Local Rules Plaintiff's Counsel has written to the Defendant, informing him that he must contact Plaintiff's counsel to confer on these matters and that his lack of response could be grounds for the automatic allowance of Plaintiff's motions. Plaintiff's Counsel has not received any response from Pro Se Defendant.

Accordingly, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the request made upon the Defendant must be deemed admitted.

There are no mitigating factors, which might, in certain circumstances, justify allowing the withdrawal or amendment to any admissions. Also, in light of the fact that Defendant has totally reneged on his obligations as to discovery, the Plaintiff would be woefully prejudiced by any allowance of a withdrawal or amendment as to the admissions.

Courts have consistently found that the failure to timely respond to Request for Admissions results in the requests being deemed admitted. See *Hulsey v. Texas*, 929 F.2d 168 (5th Cir. 1991). Even a tardy response can lead to the requests being admitted. See

*United States v J.B.A Motorcars, Inc*. 839 F.Supp 1572 (S.D. Fla.1993); and An-Port, Inc. v MBR Indus., 772 F. Supp. 1301 (D.P.R. 1991).

  Accordingly, all of the request made by the Plaintiff should be deemed admitted. With all of the requests admitted the trial in this matter will amount to little more than legal argument and a hearing on damages.

                Respectfully Submitted for the Plaintiff

<u>4/24/06</u>            <u>/s/ John M. McLaughlin</u>
Date              John M. McLaughlin (BBO: 556328)
                **Green, Miles, Lipton & Fitz-Gibbon LLP**
                77 Pleasant Street
                P.O. Box 210
                Northampton, MA 01061-0210
                (413) 586-0865
                Attorney for Plaintiff,
                Comcast of Massachusetts III, Inc.